**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
RICHLAND DIVISION**

| | |
|---|---|
| MEGHAN VAN WEGEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WILLIAMS & FUDGE, INC., ) <br> ) <br> Defendant. ) | No. 3:11-2901-CMC <br><br> **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

NOW COMES the Plaintiff, MEGHAN VAN WEGEN, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, WILLIAMS & FUDGE, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Columbia, South Carolina.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.     On information and belief, Defendant is a corporation of the State of South Carolina and which has its principal place of business in Rock Hill, South Carolina.

## **ALLEGATIONS**

8.     During or about May of 2011, Defendant's representatives, employees and/or agents, including, but not limited to an individual who represented himself as Brian Doherty, began contacting Plaintiff in attempts to collet the aforementioned alleged debt.

9.     Defendant's representatives, agents, and/or employees repeatedly placed telephone calls to Plaintiff, often hanging up on her when she answered and being unreasonably argumentative with her during other calls.

10.    During at least one of the above-referenced telephone communications, Defendant's representative, agent, and/or employee told Plaintiff that if she did not pay the alleged debt, Defendant would file a claim against her and Plaintiff would have to go to court, even though Defendant is not a law firm and did not have standing to initiate legal proceedings against Plaintiff with the regard to the alleged debt.

11.    In addition, a representative, agent and/or employee of Defendant contacted Plaintiff's mother-in-law by telephone in another attempt to collect the alleged debt.   Plaintiff

did not reside with her mother-in-law at that time and Defendant already had Plaintiff's correct contact information.

12. Further, Defendant's representative, agent and/or employee disclosed the name of the Defendant company during the communication with Plaintiff's mother-in-law without having been expressly requested to do so.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

    b. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

    d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    e. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    f. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5); and

    g. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MEGHAN VAN WEGEN, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Federal Bar ID No. 9537
Attorney for Plaintiffs
Luxenburg & Levin, LLC
600 Columbia Avenue
Lexington, SC 29072
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com

5

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Federal Bar ID No. 9537
Attorney for Plaintiffs
Luxenburg & Levin, LLC
600 Columbia Avenue
Lexington, SC 29072
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com